THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND LEO JARLIK-BELL,<br><br>Defendant. | No. CR11-5407RBL<br><br>NON-PARTY GOOGLE INC.'S MOTION TO QUASH WITNESS SUBPOENA<br><br>NOTE ON MOTION CALENDAR:<br>March 1, 2013 |

## I. INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records in federal trials. To that end, Google Inc. ("Google") has provided the Government with a 902(11) declaration to authenticate and admit certain of its business records that the government intends to use at the trial scheduled in this matter for March 4, 2013. Nevertheless, the government has served non-party Google with a witness subpoena to authenticate its business records at trial (hereafter, the "Witness Subpoena"). *See* Exhibit 1 to the Declaration of Darren Hubbard ("Hubbard Decl."). Despite the dictates of Rule 902(11), the Witness Subpoena purports to demand that Google send one of its California-based records custodians to Seattle to provide testimony on information that is well within the ambit of

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR11-5407RBL) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL25881559.2

information covered by Rules 803(6) and 902(11). Google understands that the sole reason the Government seeks live testimony is to establish the authenticity of the records Google produced.

Accordingly, Google respectfully submits that the Witness Subpoena should be quashed because Google's business records can be authenticated and admitted without live testimony from Google, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

## II.   FACTUAL BACKGROUND

On June 20, 2011, Google received a search warrant (hereafter, the "Warrant") dated June 17, 2011 from the Internal Revenue Service requesting certain business records. *See* Hubbard Decl. ¶ 4. On June 28, 2011, Google produced 1 CD of documents in response to the Warrant, accompanied by a declaration of a custodian in compliance with Federal Rule of Evidence 902(11). *See* Hubbard Decl. ¶ 5, Ex. 2.

On January 25, 2013 the Witness Subpoena was served upon Google by the United States Attorney's Office, Western District of Washington, pursuant to Rule 17 of the Federal Rules of Criminal Procedure. *See* Ex. 1 to Hubbard Decl. The Witness Subpoena purports to demand the attendance of a witness (or witnesses) at the trial in this matter to authenticate the documents produce by Google in response to the Warrant.

Google understands that a pretrial conference was held on February 15, 2013 to determine, *inter alia*, whether Defendant would stipulate to the authenticity of Google's business records. *Id.* ¶ 6.

On February 19, 2013, Google was informed by the government that Defendant would not so stipulate. *Id.* ¶ 7.

Google's counsel has attempted to resolve this matter without the Court's intervention.

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR11-5407RBL) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL25881559.2

Google understands that the Government anticipates that Defendant will maintain his objection to any certification in lieu of live testimony, and thus the sole reason that the Government seeks live testimony from Google is to establish the authenticity of the records produced by Google.

### III. ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., United States v. Bergeson*, 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Washington*, No. CR 11-61-M-DLC, 2012 WL 3061519 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

#### A. The Testimony Contemplated by the Witness Subpoena is Duplicative and Unnecessary

Federal Rule of Evidence 803(6)[1] provides an exception to the hearsay rule for records of regularly conducted activity as "shown by the testimony of the custodian or other qualified witness, *or by a certification that complies with Rule 902(11)*...." (emphasis added). This exception applies if:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

---

[1] Federal Rules of Evidence 803 and 902 were reworded in 2011. As expressly reflected in the Advisory Committee notes for each Rule, the changes "are intended to be stylistic only" and "[t]here is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 803 advisory committee notes; Fed. R. Evid. 902 advisory committee notes.

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR11-5407RBL) - 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL25881559.2

**(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

**(C)** making the record was a regular practice of that activity

. . .

**(D)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness

Federal Rule of Evidence 902(11) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

In the case at bar, there can be no dispute that the documents produced by Google in response to the Warrant are business records under Rule 803(6). There is also no dispute that Google's declaration complies with Federal Rule 902(11). Therefore, the documents produced by Google have been authenticated and the Government's request for further testimony as to their authenticity is duplicative and unreasonable. *U.S. v. Anekwu*, 695 F.3d 967 (9th Cir. 2012) (rejecting Confrontation Clause challenge from defendant and upholding admission of foreign mailbox applications and banks records authenticated by certificate from records custodian, noting that use of certificates is permissible where the purpose is solely to authenticate records and not to establish facts); *U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR11-5407RBL) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL25881559.2

cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *United States v. Green*, 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished).[2]

Indeed, to enforce the Government's Witness Subpoena and compel Google to send a witness to provide live testimony on these issues would defeat the very purpose for which Rule 902(11) was enacted, as noted by one of the drafters of the rule:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.*, 409 F. Supp. 2d 1008, 1052 (N.D. Ill. 2006); *see also Lorraine v. Markel American Insurance Co.*, 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in

---

[2] *Cf. U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S.. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a subpoena to testify may be quashed where . . . the only possible relevant testimony would involve material already covered by an affidavit before the court").

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR11-5407RBL) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

person at trial"); *DirecTV, Inc. v. Reyes*, No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") (quoting Advisory Committee Notes, 2000 Amendments to Rule 902).

### B. The Burden Imposed on Google by Complying With the Witness Subpoena Outweighs the Government's Need for Testimony

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

When assessing a motion to quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.32 (3d ed. 2007) citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003); *see also Schaaf v. SmithKline Beecham Corp.*, No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena).

The Government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven: the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11). In fact, Google understands that the Government only seeks live testimony because it is concerned that

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR11-5407RBL) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL25881559.2

Defendant will take the unreasonable and indefensible position that a declaration is inappropriate.

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a security office for responding to legal process. *See* Hubbard Decl. ¶ 2. Google's California-based team receives literally tens of thousands of requests for assistance on an annual basis. *Id.* The types of investigations that lead to these requests run the gamut from fraud cases, kidnapping and other emergencies, to routine civil and criminal demands for records. *Id.* Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). *Id.* If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every criminal trial in which its business records are offered as evidence, it would simply be impossible for Google to sufficiently staff its team. *Id.*

Accordingly, when the Government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

## IV.   CONCLUSION

For the reasons stated, Google respectfully submits that the Witness Subpoena is unreasonable and oppressive and requests that it be quashed in its entirety.

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR11-5407RBL) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL25881559.2

Respectfully submitted,

DATED: February 21, 2013

By: *s/ John R. Tyler*
Albert Gidari #18521
John R. Tyler #42097
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: RTyler@perkinscoie.com

Attorneys for Non-Party Google Inc.

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR11-5407RBL) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL25881559.2

## CERTIFICATE OF SERVICE

I hereby certify this 21st day of February, 2013, served copies of the foregoing document via overnight mail upon each of the parties listed below:

Matthew D. Diggs, AUSA
US Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Phone: 206-553-7970
Fax: 206-553-2502
Email: Matthew.Diggs@usdoj.gov

*Attorneys for the United States*

Raymond Leo Jarlik-Bell
Registration No. 41456-086
FDC SEATAC
Federal Detention Center
P.O. Box 13900
Seattle, WA 98198

Keith A. MacFie
711 S. Commerce Street
Suite 210
Tacoma, WA 98402
Phone: 253-229-7364
Fax: 253-272-2135
Email: dalymac@harbornet.com

*Stand-By Attorney for Defendant*

By: s/ John R. Tyler
John R. Tyler #42097
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: RTyler@perkinscoie.com
Attorneys for Non-Party Google Inc.

GOOGLE INC.'S MOTION TO QUASH
WITNESS SUBPOENA (No. CR11-5407RBL) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41063-0002/LEGAL25881559.2